IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE EDWARD KELLY,<br><br>   Petitioner,<br><br>v.<br><br>MARTIN D. BITER, Warden,<br><br>   Respondent. | Case No. 1:16-cv-00052 MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO STATE COGNIZABLE CLAIM**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.   BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, upon being convicted by a jury on May 5, 1997 of drunk driving causing great bodily injury and related charges. (See Pet. at 1.) Petitioner was sentenced to an indeterminate state prison term of twenty-five (25) years to life. (Id.)

While Petitioner does not provide relevant records regarding the hearing, it is

clear from his claims that Petitioner recently sought to have his sentence recalled and reduced under the Three Strikes Reform Act of 2012, California Penal Code § 1170.126.[1] The request was denied.

Petitioner raises a single ground for relief in the instant petition, namely that he was improperly denied relief under the Three Strikes Reform Act.

## II. DISCUSSION

### A. Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### B. The Three Strikes Reform Act

The relief sought in the present petition is not cognizable under federal habeas corpus. Federal habeas relief is available only to state prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a). "In conducting habeas review, a federal court is limited to deciding

---

[1] Section 1170.126 "created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety." People v. Yearwood, 213 Cal. App. 4th 161, 168, 151 Cal. Rptr. 3d 901 (2013).

whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991); see also Swarthout v. Cooke, 562 U.S. 216, 131 S. Ct. 859, 861, 178 L. Ed. 2d 732 (2011) (per curiam) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.").

Generally, a challenge to a state court's application of state sentencing laws does not give rise to a federal question cognizable on federal habeas review. See Lewis v. Jeffers, 497 U.S. 764, 780, 110 S. Ct. 3092, 111 L. Ed. 2d 606 (1990); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (holding claim that offense did not constitute a "serious felony" was not cognizable on federal habeas review because it "is a question of state sentencing law"). To state a cognizable federal habeas claim based on a claimed state sentencing error, a petitioner must show that the error was "so arbitrary or capricious as to constitute an independent due process" violation. Richmond v. Lewis, 506 U.S. 40, 50, 113 S. Ct. 528, 121 L. Ed. 2d 411 (1992).

Petitioner has failed to cite to anything in the record or elsewhere to demonstrate there was anything arbitrary or capricious in the state courts' finding that Petitioner's conviction for drunk driving causing great bodily injury rendered his Three Strikes sentence ineligible for recall. Petitioner has not provided any federal grounds in the petition and relies solely on California legislation and caselaw.

To the extent that Petitioner were to argue that the Reform Act violates principles set forth under Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), such claims would fail. Under, Apprendi a sentencing court's finding of priors based on the record of conviction implicates the Sixth Amendment. 530 U.S. 466. Unlike a conviction, the Three Strikes Reform Act is an ameliorative provision, and can only decrease a petitioner's sentence. This Court agrees with the holdings of California courts finding the Apprendi doctrine inapplicable to the Three Strikes Reform Act. See e.g., People v. Superior Court (Kaulick), 215 Cal.App.4th 1279, 1303-05 (2013). Petitioner has not presented a federal basis for relief with regard to his Three Strikes Reform Act proceeding.

Accordingly, the Petition should be summarily dismissed for failure to state a cognizable federal habeas claim. It is noted that the Court is not aware of any federal court finding challenges to the Three Strikes Reform Act cognizable in federal habeas. See, e.g., Green v. Hill, 2014 U.S. Dist. LEXIS 166780 (S.D. Cal. Dec. 1, 2014); De La Torre v. Montgomery, 2014 U.S. Dist. LEXIS 159368 (C.D. Cal. Oct. 7, 2014); Chesneau v. Spearman, 2014 U.S. Dist. LEXIS 164285 (C.D. Cal. Oct. 29, 2014); Cooper v. Supreme Court of California, 2014 U.S. Dist. LEXIS 8357, 2014 WL 198708, (C.D. Cal. Jan. 16, 2014); Johnson v. Spearman, 2013 U.S. Dist. LEXIS 85017, 2013 WL 3053043 (C.D. Cal. June 10, 2013); Hill v. Warden, No. 14-0662, 2014 U.S. Dist. LEXIS 40467, 2014 WL 1093041 (C.D. Cal. Mar. 18, 2014).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis, 440 F.2d at 14. Here, the Court concludes that it would be futile to grant Petitioner leave to amend his first claim, and recommends the claim be dismissed.

### III.    **RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the Petition for Writ of Habeas Corpus be dismissed for failure to state a federally cognizable claim. Further, the Court ORDERS the Clerk of Court to assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and

Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    January 23, 2016              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE